## CHARLESTON.

GEORGIA JENKINS *v.* GEORGE BROWN

(No. 6722)

Submitted October 14, 1930. Decided October 21, 1930.

*F. C. Cook,* for appellant.

LITZ, JUDGE:

The plaintiff, Georgia Jenkins, has sued for partition of a house and lot in the town of Kimball, McDowell County, owned jointly by herself and defendant, George Brown, and for an accounting by him for rents received from the property. Ex-

ceptions of the parties to the report of a commissioner, stating an account between them, were overruled and judgment entered accordingly. The defendant has appealed.

Evidence was presented by both sides to aid the commissioner in determining the amount chargeable to the defendant for rents received by him and the credits to which he is entitled, including claim of $314.42 for money paid by him for insurance on the improvements and a charge of $700.00 made by him for taking care of the property. After finding that the defendant should be charged with $6,165.50 for rents received by him between November, 1917, and March, 1928, the commissioner, in·his report, stated: ''Under the circumstances it is very hard for your commissioner to arrive at an accurate solution of this case. The defendant Brown, was in a position to furnish an accurate statement in detail showing the exact amount of rent collected for the entire period, which he did not do, and he was also in a position to furnish a detailed statement of all moneys expended on the property, and this your commissioner does not believe he has done, because he has been in possession all of the time, has collected all rents and made all disbursements, and has never made an accounting at any time to the plaintiff. On the other hand the plaintiff is in no position to give testimony because she has had nothing to do with the property since Brown took it over about December, 1917, and the plaintiff is compelled to rely on the testimony of the defendant, Brown, and his tenant, Susie· Rosebrew, as to defendant's management of the property.

Your commissioner is of opinion and finds that the following should be allowed the defendant for repairs, insurance, taxes, etc. :

| | |
|---|---|
| Taxes paid _____$ | 476.41 |
| Amount paid Sarah Whittico_____ | 350.00 |
| Notes and interest paid_____ | 2,070.00 |
| Repairs on property_____ | 1,812.50 |

$5,089.93

From this amount should be deducted the amount of $93.50 advanced to Brown by plain-

tiff and the sum of $93.30 collected by Brown
on insurance_____  186.80

Balance_____$4,903.13.''

The defendant filed, as evidence of the amount of rents collected by him, written statements, purporting to have been signed by the tenant, Susie Rosebrew, showing, by monthly payments, the rents received by him. These statements, he says, were prepared from books of account kept by him, which he failed to produce, although testifying before the commissioner on numerous occasions over a period of nearly two years.

The defendant contends (1) that the commissioner should have fixed the amount of rents in accordance with his claim, for the reason that the testimony of the tenant, Susie Rosebrew, upon which the plaintiff relied solely to establish her claim for rents, is too indefinite and uncertain to prove any specific sum; (2) that the commissioner should have allowed him a credit of $2,652.00 instead of $2,070.00 for payments made by him on notes evidencing indebtedness incurred in the construction of improvements on the property; (3) that he should also have been credited with $314.42, paid by him for insurance on the improvements, and $700.00 for services rendered in caring for the property. The commissioner evidently allowed the insurance item, for the difference between the total of the four items listed by him and the amount credited to the defendant is $381.02. The finding of the commissioner on the $700.00 item resulted from a consideration of the testimony of defendant that plaintiff agreed to pay him for taking care of the property, and her testimony in denial. As the tenant, Susie Rosebrew, was unable to fix the amount of rents she had paid defendant, the commissioner was evidently influenced in his finding of the amount of rents chargeable to the defendant and the credits to which he is entitled for the payment of indebtedness against the property by failure of defendant to produce his alleged books of account. The case should therefore be recommitted to the commissioner for further investigation. The defendant has evidently brought about the errors of which

542

he complains by failing to produce primary evidence he claims to have in his possession.

The decree is reversed with costs to plaintiff.

*Reversed and remanded.*